OPINION of the Court, by
Ch. J. Boyle.
Coleman having by purchase from Wood an equitable title to some out lots in the town of Washington, on the 13th day of February 1800, entered into articles of agreement with Davis, whereby he stipulated to put Davis in the possession of the said lots on or before the 1st of April, and to convey the same by deed with general warranty, on or before the 1st of June next thereafter. And Davis on his part stipulated to pass his obligation ⅛¾ Coleman for the payment of the price in the said ar- *48 tide mentioned on the first of May 1803. On the éotli of Febrjiary 1800, Wood conveyed the lots to Coleman, and the latter, by a deed bearing the same date* mortgaged the lots to Wood, for the purpose of socuring the payment of a part of the price Of another tract of land, «which Coleman had sometime previously thereto pur- * chased of Wood. Coleman afterwards conveyed the lots in question to Davis, who passed his obligation for dhe payment- of tlie price, and has since discharged the ■same. In this situation of things. Wood filed his bill against Davis and Coleman to obtain a foreclosure of the mortgage, and to subject the lots to sale,'for the payment of tlio debt due from Coleman; which he alleges had not been’ discharged. Coleman and Davis having answered, the bill was on a final hearing dismissed, and Wood has appealed to this court.
It is obvious that Coleman has no interest, either le-gáfor equitable, in the lots in question, and consequently a decree of foreclosure would operate exclusively upon the interest of Davis. But as against him,-there is no principle upon which a court of equity can interpose in favor of Wood. If indeed his mortgage is not fraudulent, it will give him the legal title : but to obtain relief from a court of equity, it is not sufficient that lie has the legal title; he must also have a superior equity. TSiis' it is evident he docs not possess. He pretends to ho other lien than that which beholds under the mortgage, and that is only coeval-with the date of the mortgage. But prior to that time Davis had acquired by the contract with Coleman his equity ; and it isa settled rule, that quiprior est tempore potior estjnre. Davis has therefore, not only an equal but a superior equity, and to grant relief against him in chancery in favor of Wood would be without example or principle to warrant it.
Tlie decree must, therefore, be affirmed with costs;